

# Fourth Court of Appeals
## San Antonio, Texas

August 7, 2018

No. 04-18-00540-CR

Bert **VILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR1598
Honorable Jefferson Moore, Judge Presiding

# O R D E R

In cause number 2014-CR-1598, Appellant was tried by the court and found guilty of repeated violation of a court order.  On January 21, 2015, the trial court sentenced Appellant to confinement in the Texas Department of Criminal Justice—Institutional Division for eight years but suspended the sentence and placed Appellant on community supervision.  Later, Appellant's community supervision was revoked and Appellant was incarcerated.

On March 22, 2018, Appellant filed a notice of appeal which this court designated as appeal number 04-18-00192-CR.  We dismissed the appeal for want of jurisdiction; our mandate issued on July 25, 2018.

On July 27, 2018, in cause number 2014-CR-1598, Appellant filed a motion for leave to file a late notice of appeal.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order.  *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522.  In this case, the record indicates Appellant's notice of appeal was not timely filed.

A late notice of appeal may be considered timely and invoke a court of appeals' jurisdiction if it meets the following requirements:

(1) it is filed within fifteen days of the last day allowed for filing,

(2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

We ORDER Appellant to show cause in writing within TWENTY DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243.

_____
Patricia O. Alvarez, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of August, 2018.

_____
Keith E. Hottle
Clerk of Court